## B. A. MASON V. STATE.

No. A-28.    Opinion Filed July 24, 1909.

(103 Pac. 369.)

1.  **INTOXICATING LIQUORS—Bonds of Apothecary—Penalties for Breach—Who Liable.** The penal provision of section 8, art. 2, c. 69, p. 600, Sess. Laws 1908, which requires each apothecary or pharmacist doing business in this state to execute a bond in the sum of not less than $1,000, to be approved by the superintendent of the state agency, conditioned that none of the liquors furnished by said superintendent shall be used or disposed of for any purpose other than in compounding or preserving medicines, etc., applies only to those apothecaries or pharmacists who have complied or attempted to comply with this requirement. Apothecaries or pharmacists who have not given bond as provided for by said section 8 are not subject to the penalties therein prescribed.

2.  **SAME— Indictment and Information — Necessary Allegations.** Where an information charges a violation of section 8, art. 2, c. 69, p. 600, Sess. Laws 1908, it must charge the offense in the language, or use substantially the language, of said section, and must allege a compliance with the requirements of said section. Without these necessary allegations, it fails to state facts sufficient to constitute an offense under said section.

(Syllabus by the Court.)

*Appeal from Pontotoc County Court; Joel Terrell, Judge.*

B. A. Mason was convicted of unlawfully keeping intoxicating liquors, and appeals. Reversed and remanded.

B. A. Mason, was convicted of the offense of unlawfully keeping intoxicating liquors in and about his pharmacy in the city of Ada. This conviction was had upon an information duly verified and filed in the county court of Pontotoc county on the 27th day of June, 1908, which information contains three counts, to which information defendant filed a demurrer to each of said counts, which demurrer was by the court sustained as to the first and second counts, and overruled as to the third count of said information, to which ruling of the court the defendant excepted. The third count of said information reads as follows:

"Third Count. And the said Robert Wimbish, county attorney as aforesaid, in said court does further present in said court, and does further give said court to know and be informed, that on the day and date aforesaid, in the county and state aforesaid, the said defendant, B. A. Mason, was then and there a retail apothecary, and was then and there a pharmacist and a druggist and did then and there keep and maintain a retail apothecary and a pharmacy, and that the said B. A. Mason, as such apothecary and as said pharmacist, did then and there have, keep, and use in and about his said retail apothecary and pharmacy, intoxicating liquor, to wit, whisky, said liquors not having been furnished to the said defendant, B. A. Mason, by the superintendent of any state or local agency for the sale of intoxicating liquors, the said apothecary and pharmacy being then and there situated on lot number twenty-eight in block number ninety-one in the city of Ada, Pontotoc county, state of Oklahoma—contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state of Oklahoma."

Upon the trial of said cause the jury returned the following verdict:

"We, the jury impaneled and sworn in the above-entitled cause, do upon our oaths find the defendant guilty as charged, and assess his punishment at a fine of $50 and confinement in the county jail for thirty days. [Signed.] T. R. Jones, Foreman. Returned and filed July 21, 1908."

On July 24, 1908, defendant filed his motion for a new trial. On August 1, 1908, said motion was by the court overruled, to which ruling of the court defendant excepted, whereupon the court pronounced judgment according to the verdict returned, to which action of the court defendant excepted, and prayed an appeal to the Criminal Court of Appeals. At the May, 1909, term said cause was submitted.

*Clinton A, Galbraith* and *Tom D. McKeown,* for appellant.
*Charles Moore,* Asst. Atty. Gen., and *Fred S. Caldwell,* for the State.

PER CURIAM. This conviction was had under the penal provision of section 8, art. 2, c. 69, p. 600, Sess. Laws 1908. The

judgment in this case cannot be permitted to stand. The information is insufficient. It fails to allege that the defendant had complied with the provision of said section 8 that requires each apothecary or pharmacist doing business in the state to execute a bond in the sum of not less than $1,000, to be approved by the superintendent of the state agency, conditioned that none of the liquors furnished by said superintendent shall be used or disposed of for any purpose other than in compounding or preserving medicines, etc.

The question presented is identical with that presented in the case of *Titsworth v. State, ante,* p. 268, 101 Pac. 288, decided at the last term, wherein this court held:

"Section 8 must be construed as a whole. Each portion must be considered in the light of the other portions, and subject to the purpose to be accomplished by the entire section. Those only could be sued upon bonds who had given bonds. Only those who desire to use intoxicating liquors to compound medicines for sale give bonds. Therefore only this class is subject to the pains and penalties prescribed in section 8— are inseparable. They stand or fall together. This alone is enough to make it clear that the Legislature intended to confine section 8 and its penalties to those druggists who desired to keep and use liquors in their places of business, not for their personal use, but to be used exclusively for compounding medicines for sale. This construction of the enforcement act harmonizes it with all of its other provisions, and frees it from even the appearance of being unconstitutional. It is not special legislation, because it confers upon all druggists, who shall comply with its provisions, the right to use intoxicating liquors in compounding medicines for sale. Having consented to and complied with these conditions, to our minds it is clear that, before the defendant could be held liable under section 8, he must have voluntarily brought himself under its provisions, or must have attempted to do so. This must be alleged in the information, and proven upon the trial, before he could be legally convicted."

Upon the authority of *Titsworth v. State, supra,* and for the reasons stated in that opinion, the judgment of the county court of Pontotoc county in this cause is hereby reversed, and the case

remanded to that court, with directions to sustain the demurrer to the information.