## W. L. HUGHES *et al.* v. STATE.

No. A-62. Opinion Filed January 18, 1910.

(106 Pac. 546.)·

1. INTOXICATING LIQUORS—Apothecaries — Unlawfully Keeping Liquor. Section 8, art. 2, of the enforcement act (Laws 1907-08, p. 600, c. 69), is applicable alone to those apothecaries or pharmacists who have complied, or attempted compliance, with the provisions therein contained. Other pharmacists or apothecaries who have not complied, or attempted compliance, with the conditions of said section, are not subject to the penalties therein prescribed.

2. SAME—Indictment and Information. An information or indictment which attempts to charge a violation of section 8, art. 2,

of the enforcement act (Laws 1907-08, p. 600, c. 69), must allege the offense in the language, or use substantially the language, of the section, and must allege a compliance with the conditions of said section 8. If it fails to do this, it will not charge a public offense.

3.    INSTRUCTIONS—Credibility of Defendant. It is error for a trial judge to single out the defendant personally, and instruct the jury upon the credibility of his evidence.

(Syllabus by the Court.)

*Appeal from Muskogee County Court; W. C. Jackson, Judge.*

W. L. Hughes and M. C. Simmons were convicted of a violation of the prohibition law, and appeal. Reversed and remanded.

*Brown & Stewart,* for appellants.
*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE. The counsel for defendant filed an admirable brief in this case. The counsel for the state has filed the following confession of error:

"Comes now the state of Oklahoma by its attorney, Fred S. Caldwell, and represents to this honorable court that at pages 1 and 2 of the record the charging part of the information upon which plaintiffs in error were prosecuted in the trial court appears in words and figures as follows: 'That the said W. L. Hughes and M. C. Simmons, retail apothecaries in the county of Muskogee, state of Oklahoma, on the 24th day of October, 1908, did knowingly and unlawfully, have and keep in and about their apothecary and place of business intoxicating liquor, said liquor not being furnished by the state agency and local agency, Muskogee, Oklahoma, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state.' And that at page 8 of the record the first ground in support of plaintiffs in error's demurrer to the information appears in words and figures as follows: 'First. That said information does not state sufficient grounds to constitute a public offense.' Wherefore, it is the opinion of the state of Oklahoma that upon the authority of *Titsworth v. State,* 2 Okla. Cr. 268, 101 Pac. 288, plaintiffs in error's first assignment of error is well taken. And the state of Oklahoma further represents that at page 19 of the record the third paragraph of the trial court's instructions to the jury appears in words and figures as follows: 'The court's instructions to the jury that the defendant in this case is a competent witness in this case, and you

must consider his testimony in arriving at a verdict, but, in determining what weight and credibility you must give to his testimony in making up your verdict, you must take into consideration that he is the defendant in this case and on trial, his interest in the result of the trial, together with any other fact or circumstance of the trial affecting the credit to be given to the testimony of any of the witnesses in the case.' And at page 20 of the record it appears that the giving of such instruction was duly excepted to at the time. Wherefore the state of Oklahoma is of the opinion that upon the authority of *Fletcher v. State,* 2 Okla. Cr. 300, 101 Pac. 599, and *Banks v. State,* 2 Okla. Cr. 339, 101 Pac. 610, plaintiffs in error's fourth assignment of error is well taken. Now, therefore, the premises aforesaid duly considered, the state of Oklahoma confesses error in said above-named cause as alleged in plaintiffs in error's first and fourth assignments of error, and pray that the judgment of the trial court be reversed and said cause be remanded to the county court of Muskogee county, state of Oklahoma, with instructions to permit the county attorney to amend the information."

First. In *Titsworth v. State,* 2 Okla. Cr. 268, 101 Pac. 288, this court said:

"Section 8, art. 2, of the enforcement act (Laws 1907-08, p. 600, c. 69), is applicable alone to those apothecaries or pharmacists who have complied, or attempted compliance, with the provisions therein contained. Other pharmacists or apothecaries who have not complied or attempted compliance with the conditions of said section are not subject to the penalties therein prescribed. An information or indictment which attempts to charge a violation of section 8, art. 2, of the enforcement act (Laws 1907-08, p. 600, c. 69), must allege the offense in the language, or use substantially the language, of the section, and must allege a compliance with the conditions of said section 8. If it fails to do this, it will not charge a public offense."

The Titsworth Case was approved and followed in *Mason v. State,* 2 Okla. Cr. 583, 103 Pac. 369.

Second. In *Fletcher v. State,* 2 Okla. Cr. 300, 101 Pac. 608, this court said:

"A similar instruction was condemned by this court in the case of *Green v. United States,* 2 Okla. Cr. 55, 101 Pac. 112, and that case was reversed in part on this account. The same question came up again before us in the case of *Hendrix v.*

*United States,* 2 Okla. Cr. 240; 101 Pac. 125. The instruction was again condemned, but was held to be harmless error in that case for reasons given in the opinion. We think that it is error for the court to single out any special witness personally, and burden his testimony with any suggestions which might indicate to the jury that in the opinion of the court such witness was liable to testify falsely. Instructions as to the credibility of witnesses should be general and apply equally to all of the witnesses for the state and the defendant alike. Because the witness may be the defendant is no reason why he should be visited with condemnation upon the one hand, or clothed with sanctity upon the other. He is before the court as a witness, and should be treated by both the court and the jury just as other witnesses are treated—no better and no worse. We trust that the courts of Oklahoma will cease to give such instructions in the future; otherwise it will result in the reversal of many convictions, which, but for such instructions, would be affirmed."

In *Banks v. State,* Fletcher's Case was approved, and this court further said:

"Our views are well presented in the following authorities: 'Because of the difficulty, however, in so framing an instruction, where the defendant's name is mentioned at all, as not to give his testimony undue prominence, either for or against him, it would be better for trial judges to let him pass, with all the other witnesses, under the purview of a general charge as to the credibility of all the witnesses, leaving to the attorneys in argument to call the attention of the jury to any peculiar facts applicable to any particular witness.' *Vaughn v. State,* 58 Ark. 365, 24 S. W. 888. 'From the high and authoritative position of a judge presiding at a trial before a jury his influence with them is of vast extent, and he has it in his power, by words or actions, or both, to materially prejudice the rights and interests of one or other of the parties. By words or conduct, he may, on the one hand, support the character or testimony of a witness, or, on the other, may destroy the same, in the estimation of the jury; and thus his personal and official influence is exerted to the unfair advantage of one of the parties, with a corresponding detriment to the cause of the other. We regret the necessity for an expression of our disapproval of irregularity of which complaint is made, and, though we do not impugn the expression as designed to aid the side of the plaintiff, we may say we should not hesitate to reverse the judgment because of it if the

same depended in any material degree upon the testimony of the witness whose character and standing was thus indorsed.' *McMinn v. Whelan,* 27 Cal. 319. 'It is a rule, applicable alike in civil and criminal cases, that it is error for judge, directly or inferentially, to express an opinion to the jury, or in their hearing, as to the credibility, of a particular witness, or as to the weight which they should attach to his testimony. He must not single out a particular witness, and, mentioning him by name; instruct the jury to take into consideration his interest in the suit as affecting his credibility.' 2. Thompson on Trials, sec. 2421. The trial court therefore erred in the instructions given upon the credibility of the defendant's evidence."

For the reasons given in the above authorities, the confession of error in this case is sustained, and the judgment of conviction is reversed, and the cause remanded for a new trial.

DOYLE and OWEN, JUDGES, concur.