## NICHOLA GUIACCIMO v. STATE.

No. A-203. Opinion Filed April 18, 1911.

(115 Pac. 129.)

1. TRIAL—Dismissal—Failure of Evidence. While the jury is the tribunal for determining facts questioned, where there is no evidence tending to prove the offense charged, the prosecution must be dismissed.

2. TRIAL—Instructions—Credibility of Accused. A charge that accused is a competent witness for himself, but the jury may consider his interest in the event in determining his credibility, is erroneous.

3. INTOXICATING LIQUORS—Illegal Possession—Sufficiency of Evidence. Evidence held not to sustain a conviction for having intoxicants with intent to violate the prohibition law.

(Syllabus by the Court.)

*Appeal from County Court, Pittsburg County; W. R. Higgins, Judge.*

Nichola Guiaccimo was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

*J. R. Miller* and *Grace & Haynes,* for plaintiff in error.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error was convicted in the county court of Pittsburg county on an information which charged that, on or about the 5th day of April, 1909, he did then and there, in the town of Haileyville, unlawfully have in his possession and under his control certain spirituous liquor, with the intent then and there to violate the provision of the prohibition law. May 8, 1909, he was sentenced to serve a term of 30 days in the county jail, and pay a fine of $200, from which judgment an appeal was taken by filing in this court, on June 4, 1909, a petition in error with case-made attached.

Of the various assignments of error, after a careful examination of the record, we believe it is only necessary to consider the assignment "that said verdict and judgment was contrary to the evidence." Outside of a few suspicious circumstances, no evidence was adduced showing that the defendant has committed the offense charged. The undisputed facts are that a constable, serving a search warrant, entered the home of plaintiff in error in his absence, and secured a part of a case of whisky, several bottles of beer, and a full barrel of beer in an outhouse. There is no substantive proof showing an unlawful purpose or intent to violate the prohibition law. Plaintiff in error, an Italian, testifying on his own behalf, said the liquors were for his personal use, and the use of his family; that he was using the whisky as prescribed by a physician for a sick child, and the beer was for his own use, and that he had never violated the prohibition law, and did not have a revenue license from the United States.

It is a cardinal principle in our jurisprudence that a jury is the ultimate tribunal for the investigation and determination

of questions of fact. Where, however, the prosecution fails to offer any testimony tending to prove the offense charged, or whether the evidence offered tends to prove anything pertinent to the issue is a question of law for the court, and where there is an entire absence of evidence to support the charge, the court should dismiss the prosecution.

The instructions given in the case are commendably correct, with the exception of the fifth, which reads:

"The jury are instructed that the defendant is a competent witness in his own behalf. The jury are entitled to take into consideration his interest, in the event of the prosecution, in determining his credibility."

By numerous decisions of this court similar instructions have been condemned. See *Hughes v. State*, 3 Okla. Cr. 387, 106 Pac. 546. Under the proof in this cause, this instruction clearly constitutes error.

It is important that the criminal laws should be enforced, but it is no less important that no person be punished for crime who is innocent, and no person should be punished or deprived of his liberty, except on evidence sufficient to establish his guilt of the crime charged.

For the reasons herein expressed, the judgment of conviction is reversed, and the cause remanded to the county court of Pittsburg county.