## PERRY JOHNSON v. STATE.

No. A-1177.    Opinion Filed January 6, 1912.

(119 Pac. 1019.)

**INTOXICATING LIQUORS—Illegal Sale—Evidence.** In the absence of a statute making the possession of more than a given quantity of intoxicating liquors presumptive evidence of the intent of the person having possession of the same, to illegally dispose of the same, a conviction for having possession of intoxicating liquors for the purpose of violating the prohibition law will not be sustained merely upon the ground of the quantity which a defendant may have in his possession.

(Syllabus by the Court.)

*Appeal from Ottawa County Court; W. Y. Quigley, Judge.*

Perry Johnson was convicted of violation of the prohibition law, and he brings error. Reversed and remanded.

*O. F. Mason,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.   In the case at bar it was proved by the state, and not denied by appellant, that appellant had in his possession at his home something like three gallons of whisky.   We have no doubt of the right and power of the Legislature to enact a statute making the possession of more than a given amount of intoxicating liquors presumptive evidence of the intent of such person to illegally dispose of the same in violation of the prohibitory liquor law of the state, and thus throw upon the defendant the burden of proving that this possession was not for illegal purposes, yet in the absence of such a statute this court is without power to establish such a rule merely upon proof of the amount of intoxicating liquor found in the possession of a defendant.   We are of the opinion that the amount of intoxicating liquor found in possession of a defendant is a proper circumstance to be considered by the jury in connection with the other facts and circumstances of a case in determining as to whether or not it was the intent of the person having possession of the liquor to illegally dispose of the same in violation of the prohibitory liquor law of the state, but this circumstance alone cannot support a conviction.   If it had been proven that the appellant was in possession of the liquor in this case, and had it in some place to which persons generally resorted, or if it had been proven that the home of appellant had the general reputation of being a place where intoxicating liquors could be illegally obtained, then the case would be entirely different.   But this case rests alone upon the fact that the appellant was found in possession of about three gallons of whisky at his home, without any showing of facts which would cause a jury to reasonably believe that it was the purpose of appellant to illegally dispose of the same.   The judgment of the lower court is therefore reversed, and the cause is remanded for a new trial.

ARMSTRONG and DOYLE, JJ., concur.