HORACE LINDSEY v. STATE.

No. A-1602. Opinion Filed June 7, 1913.

Appeal from Murray County Court;

Harry W. Fielding, Judge.

Horace Lindsey was convicted of a violation of the prohibitory law, and appeals. Reversed.

W. N. Lewis and Emanuel & Broadbent, for plaintiff in error.

Chas. West, Atty. Gen., Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., for the State.

PER CURIAM. The plaintiff in error was convicted in the county court of Murray county on an information which after stating the time and venue charged: "Did then and there have in his possession beer and whisky for the unlawful purpose of unlawful sale." Upon his trial the jury returned a verdict of guilty. Motion for new trial was filed and overruled, and on November 13th, 1911, he was sentenced to be confined in the county jail for ninety days and to pay a fine of three hundred dollars. To reverse this judgment an appeal was taken. It is contended that the verdict is contrary to the evidence and contrary to law. The sheriff and his deputy testified that in serving a search warrant they found at the home of the defendant six bottles of beer in a candy bucket on ice, and ten bottles of beer in a sack under a bed, and a bottle of alcohol in a trunk. The defendant conducted a small country store near the river bridge, west of Davis. There was no evidence of the defendant's intent to violate any provisions of the prohibition law.

We are of opinion that the evidence is insufficient to sustain the conviction. The mere possession of intoxicating liquor, in the home, is not in itself sufficient to prove an unlawful intent to sell as charged in this case, as there was no proof of payment of the special tax required of liquor dealers by the United States.

It is also contended that the court erred in refusing to grant a new trial on the ground that the county attorney in his argument improperly called the attention of the jury to the fact that the defendant did not testify. It is unnecessary to review this assignment as the case must be reversed for failure to prove an intent to violate the prohibitory law. For this reason the judgment of the county court of Murray county is reversed.