## GEORGE H. DOUD v. STATE.

No. A-2441.   Opinion Filed February 19, 1916.

(154 Pac. 1008.)

1.  **WEAPONS—Pointing of Pistol—Defense—Instructions—Evidence.**
In a prosecution for pointing a pistol, when the evidence tends
to show justification in self-defense, and in defense of habitation,
it is error for the court to refuse to give a requested instruction
which fairly presents the law of the case on the theory contended
for by the defendant.

2.  **INSTRUCTIONS—Credibility of Accused.** It is error for the trial
court to single out the defendant, and, mentioning him by name,
instruct the jury upon his credibility as a witness.

(Syllabus by the Court.)

*Appeal from County Court, Blaine County;*
*R. J. Puderbaugh, Special Judge.*

George H. Doud, convicted of pointing a pistol, appeals.
Reversed.

*I. H. Lookabaugh,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.   The plaintiff in error was tried and con-
victed upon an information charging that in Blaine county, on
the 9th day of February, 1914, he George H. Doud, "did then and
there unlawfully, wifully, and maliciously point at Raymond
Whiteshield a person then and there being, a deadly weapon,
to-wit: a pistol, contrary," etc., and his punishment fixed at a fine
of fifty dollars and imprisonment in the county jail for a period
of three months.

From the judgment rendered in pursuance of the verdict the
defendant appeals.

The evidence shows that Whiteshield, a Cheyenne Indian,
twenty-two years old and another Indian boy on the date alleged
borrowed five dollars of the defendant, by pawning a saddle, and
that evening they returned to the defendant's home and demanded

three dollars more on the saddle, finally accepting two dollars and fifty cents additional as the purchase price of the saddle.

The complaining witness Whiteshield testified that in the dispute, the defendant took from a drawer a pistol and pointed it at him. The other Indian and another white man who were present, as witnesses for the state did not testify that the defendant pointed the pistol.

The defendant's grown daughter and son testified that White-shield used profane and threatening language and said he had a gun and threatened to shoot the defendant and his son; that the defendant then took his gun from a drawer and told Whiteshield to leave, but did not point the gun at Whiteshield. To the same effect was the testimony of the defendant as a witness in his own behalf. The evidence tended to show that Whiteshield was drunk at the time.

Of the numerous errors assigned we deem it only necessary to notice those predicated upon the instructions given, and those requested and refused.

Among others the court gave the following instructions:

"You are instructed that if you find that any witness has wilfully testified falsely, to any material matter on trial, you are at liberty to disregard the whole of such witness' testimony."

"You are further instructed that evidence of the general reputation of the defendant George H. Doud for truth and veracity is proper for your consideration and you will give it such weight, as you think it entitled to and that if you find that such reputation is established as bad, you have the right to disregard the whole of his testimony."

The attorney general confesses that the giving of these instructions under the evidence in this case constitute reversible error. Citing *Billingsley* v. *State,* 4th Okla. Cr. 597, 113 Pac. 241, and *Hendrix* v. *State,* 4th Okla. Cr. 611, 113 Pac. 244, as to the first instruction above quoted, and *Vreen* v. *State,* 2nd Okla. Cr. 55, 101 Pac. 112; *Fletcher* v. *State,* 2nd Okla. Cr. 300, 101 Pac.

599, 23 L. R. A. (N. S.) 581; *Hughes* v. *State,* 3rd Okla. Cr. 387, 106 Pac. 546, and *Heacock* v. *State,* 4th Okla. Cr. 606, 112 Pac. 949, as to the second instruction above quoted.

We think the confession of error is well founded and should be sustained.

The defendant further contends that the court erred in failing to instruct the jury upon the law applicable to the case.

It appears that the court wholly failed to instruct upon the law of self-defense, although the defendant requested such an instruction, which was refused and exception allowed.

Upon a careful examination of the record we are inclined to think that there is no merit in this prosecution. For the reasons stated the judgment is reversed.