## ARTHUR McALESTER v. STATE.

No. A-2927.   Opinion Filed September 30, 1918.

(174 Pac. 1106.)

1. **EVIDENCE—Accomplice's Testimony.** In a prosecution for having unlawful possession of intoxicating liquors, evidence held to show that a witness was an accomplice of the defendant.

2. **INTOXICATING LIQUORS—Unlawful Possession—Presumption.** Three pints of whisky discovered at defendant's home were not sufficient in quantity to raise a presumption that he had them for an unlawful purpose.

3. **SAME—Evidence.** Proof of possession merely is not sufficient to authorize a conviction of having unlawful possession of intoxicating liquors.

4. **EVIDENCE—Accomplice's Testimony—Corroboration.** Corroboration of an accomplice not tending to connect defendant with commission of the crime of having unlawful possession of liquors, but merely tending to show that he had possession of whisky, held insufficient.

*Appeal from County Court, Stephens County;*
*J. W. Marshall, Judge.*

Arthur McAlester was convicted of the crime of unlawful possession of intoxicating liquors and his punishment fixed at a fine of $100 and imprisonment in the county jail for 60 days, and he appeals.   Reversed.

*J. B. Wilkinson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.   The defendant, Arthur McAlester, was convicted at the October, 1916, term of the county court of Stephens county for the crime of unlawful possession of intoxicating liquors, with intent to sell the same, and his punishment fixed as above stated.. He has

appealed to this court and asks a reversal of this judgment, upon several grounds, among which are that the verdict and judgment are not supported by sufficient legal and competent evidence, and also because of error in the refusal of the trial court to grant a new trial on the ground of newly discovered evidence.

We have examined the record and find that the conviction is based largely upon evidence given by one Ray Boyd, who testified in substance that he got four pints of whisky from the defendant with the understanding with the defendant that he (Boyd) was to sell the whisky and to bring the money back to the defendant, except that Boyd was to keep 25 cents for each pint sold; that Boyd was engaged in the business of running a little hamburger stand in the town of Marlow, said county, and the four pints of whisky which he claimed belonged to the defendant were found in his possession at the hamburger stand. When arrested, Boyd told the officers that the whisky belonged to McAlester, and a search warrant was issued for McAlester's home, and three pints of the same kind of whisky were discovered at McAlester's house. This was, in substance, all the evidence given in behalf of the state.

It is apparent that, from the testimony of Ray Boyd, he is an accomplice of the defendant. He is also the only witness who in any way attempts to establish the fact, if it be a fact, that the defendant had any whisky whatever with intent to sell the same. The three pints of whisky discovered at the defendant's home were not sufficient in quantity to raise a legal presumption that he had the same for an unlawful purpose, and the prosecuting witness, Boyd, is nowhere corroborated by any competent evidence that tends to establish the fact that the defendant had any

intention whatever to unlawfully sell the three pints of whisky found at his home, or any other whisky.

The corroboration of the accomplice is only to the effect that the defendant had three pints of whisky at his home. Proof of possession merely is not sufficient to authorize a conviction. *Lindsey v. State,* 9 Okla. Cr. 730, 132 Pac. 1194; *Ren v. State,* 9 Okla. Cr. 671, 132 Pac. 1131; *Johnson v. State,* 6 Okla. Cr. 490, 119 Pac. 1019; *Guiaccimo v. State,* 5 Okla. Cr. 371, 115 Pac. 129; *Quinn v. State,* 8 Okla. Cr. 478, 128 Pac. 1104.

The corroboration of the accomplice, therefore, did not tend to connect the defendant with the commission of the crime; it merely tended to show that he had possession of whisky, and the material element of the crime—that the intent of the defendant was unlawful—is established only by the testimony of the accomplice himself. We think, therefore, that, in the absence of other proof, the requirements of the law relative to the corroboration of an accomplice were not met in this case.

The defendant also filed an elaborate motion for a new trial on the ground of newly discovered evidence, and it is contended with considerable force and reason that the court should have granted a new trial on this ground. We believe that, had a new trial been granted, there is a reasonable probability that, with the newly discovered evidence before another jury, a verdict of acquittal would have resulted.

After a full and careful consideration of the record in this case, the judgment of conviction is reversed, and the case remanded, with directions that the same be dismissed, unless there may be discovered evidence corroborating the accomplice which tends to connect the defendant

with an unlawful intent to dispose of the whisky found in his possession in violation of the law.