## ARTHUR McALESTER v. STATE.

No. A-3163.   Opinion Filed May 10, 1919.

(180 Pac. 718.)

1. **CRIMINAL LAW—Second Violation of Prohibitory Liquor Law— Former Conviction—Evidence.** Pending an appeal to this court from a conviction, where judgment of conviction is suspended. such conviction, until affirmed by this court, is not legal evidence. upon a trial for a second violation of the prohibitory liquor laws, of a former conviction.

2. **SAME.** Upon a trial for a second violation of the prohibitory laws. it is prejudicial error to admit in evidence proof of a prior conviction when judgment of such conviction has been appealed to this court, and the execution of the judgment of the conviction legally suspended, and the said appeal is undetermined.

3. **SAME—Sufficiency of Evidence.** In a trial for a second violation of the prohibitory liquor laws, where the only evidence of the former violation charged was the conviction of the defendant from which an appeal to this court was taken, the judgment and conviction suspended, and the appeal undetermined, the evidence is insufficient to sustain a conviction. and it is reversible error to overrule a motion for a new trial.

4. **APPEAL AND ERROR—Second Conviction—Reversal.** A judgment inflicting additional punishment upon a subsequent conviction will be reversed. where the prior judgment of conviction upon which it was based has been reversed.

*Appeal from District Court, Stephens County;*
*Cham Jones, Judge.*

Arthur McAlester was convicted of a second violation of the habitual criminal act, and he appeals. Reversed and remanded, with instructions.

*J. B. Wilkinson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error. Arthur McAlester, hereinafter styled defendant, was informed

against for a second violation of the prohibitory liquor laws, convicted, and sentenced to imprisonment in the county jail of Stephens county for a period of 30 days, and to pay a fine of $100 and costs of this prosecution. To reverse the judgment rendered, he prosecutes this appeal.

The uncontradicted evidence is that the defendant was on the 20th day of October, 1916, convicted in the county court of Stephens county for the unlawful possession of intoxicating liquor with the intent to sell the same, and sentenced, and from said judgment and conviction perfected an appeal to this court, and suspended execution of said judgment by execution of a supersedeas bond, and that the said appeal was pending and undetermined in this court at the time of the trial of the instant case; that the defendant objected to the introduction of the evidence of said former conviction in the county court on the ground that said conviction had not become final, which objection was overruled and excepted to; that the state relied alone on the evidence of said conviction of the said defendant in the said county court for evidence of a former conviction of the prohibitory liquor laws; and that on the 7th day of November, and after the defendant's conviction in the said county court of Stephens county, the defendant unlawfully sold one quart of alcohol in Stephens county, at the time charged in the information in this case.

The defendant timely moved for a new trial upon the following, together with other, grounds:

"That the verdict is not supported by sufficient evidence; that the court erred in submitting the case to the jury, for the reason that the undisputed proof by the state shows that the defendant has not been finally convicted of

the offense of violating the prohibitory liquor laws of this state prior to the unlawful sale alleged in the information in this case."

The court overruled the motion for a new trial, and the defendant excepted.

The Attorney General has filed in this case a confession of error on the ground:

"That this court is without jurisdiction to affirm the conviction, for the reason that the former conviction relied upon in the trial of this case has been reversed and ordered dismissed by the Criminal Court of Appeals in the case of *Arthur McAlester, Plaintiff in Error, v. State of Oklahoma, Defendant in Error* (No. A-2927)—15 Okla. Cr. 78, 174 Pac. 1106."

We think this confession of error is well taken, for the reason that:

"A judgment inflicting additional punishment upon a subsequent conviction will be reversed, when the prior conviction upon which it is based has also been reversed." 16 Corpus Juris, sec. 3158, p. 1342, and authority there cited.

There are also, in addition to the error confessed by the Attorney General, other equally potent legal reasons why the conviction in this case cannot be allowed to stand —admission of illegal evidence, and overruling the motion for a new trial.

The trial court, against the objection and exception of the defendant, admitted in evidence the record of the former conviction of the defendant in the county court, which was at the time pending on appeal in this court, and undetermined. Pending the appeal in this court from the judgment of the county court, and which judgment was suspended by the execution of a supersedeas bond, the

said conviction was not legal evidence of a prior conviction of the defendant, and the court committed reversible error in admitting in evidence the record of such conviction, as the judgment had not become final.

In *State v. Volmer*, 6 Kan. 379 (which was a conviction for a second offense of selling intoxicating liquors), it is said:

"The defendant had been convicted of the first offense in the justice's court before the second was committed, and therefore was, and continues to be, liable to the increased penalty attached to the commission of a second offense, provided said conviction shall not finally be found to be erroneous.

"But said conviction had been appealed from, and therefore suspended at the time of the trial in this case. The admission of the same in evidence was erroneous; and for that reason the judgment in this case must be reversed, and the cause remanded for a new trial."

"Since the word 'conviction,' when made the ground of some disability or special penalty, means a final adjudication by judgment, in the jurisdiction where it is necessary for a conviction to precede the commission of the second or subsequent offense, in order to inflict the enhanced penalty for a second conviction, it has been held that sentence must be pronounced on former conviction, and the judgment thereon must become final." Corpus Juris, vol. 16, sec. 3155, p. 1341.

"When conviction is made the ground of some disability or special penalty, a final adjudication by judgment is essential." *Com. v. Miller*, 6 Pa. Super. Ct. 35.

In *Commonwealth v. McDermott*, 224 Pa. 363, 73 Atl. 427, 24 L. R. A. (N. S.) 431, it is said:

"The word 'conviction' has a popular and legal meaning. In common parlance a verdict of guilty is said to be a conviction (*Smith v. Com.*, 14 S. & R. 69; *Wilmoth v.*

*Hensel,* 151 Pa. 200 [25 Atl. 86, 31 Am. St. Rep. 738];
and this popular meaning has been given to it when rights
other than those of the one who has been found guilty
have been before the courts. * * * But a very different
situation is presented when one is confronted with * * *
a statute" which "makes his alleged reputation" of the
offense "a distinct crime, for which, upon conviction of it,
severer penalties are to be imposed.  In such a case the
word 'conviction' must be given its strict legal meaning
of judgment on a plea or verdict of guilty.  The severer
penalty is imposed by the Legislature because that im-
posed for the first offense was ineffectual.  The second
offense, carrying with it severer penalties, is therefore not
committed in law until there has been judgment for the
first.  'When a statute makes a second offense felony, or
subject to a greater punishment than the first, it is always
implied that such second offense ought to be committed
after a conviction for the first; for the gentler method
shall first be tried, which, perhaps, may prove effectual.'
Hawkins' Pleas of the Crown, c. 40, sec. 3."

In *White v. Commonwealth,* 79 Va. 611, it is said:

"Probably, in a prosecution alleging, as in this case,
a former conviction, and where the statute imposes an in-
creased penalty for each succeeding offense, and when the
alleged prior conviction and judgment thereon is held for
review on writ of error in the court of last resort, it
would be safer and more in consonance with a liberal and
just view of the rights of the citizen to hold * * * that
pending the alleged former conviction in the appellate
tribunal there is wanting that final judicial sentence essen-
tial to constitute conviction.  In such case it is apparent
that, if the judgment of the appellate court should be one
of reversal, nothing would be left as the basis of a second
prosecution alleging a former conviction.

"*Quaere*—In a prosecution alleging a former convic-
tion do not the words 'former conviction' denote 'final
judgment'; and can they be predicated on a suspended
judgment?"

The wisdom of the reasoning of the learned judge writing the opinion in the case of *White v. Commonwealth, supra,* is well illustrated by the instant case, as the only evidence that the state offered to show a former conviction of the defendant was the record of the county court of a case against him, which case was then on appeal to this court and which said case was subsequent to the trial in this case, reversed and dismissed (15 Okla. Cr. 78, 175 Pac. 1106), and therefore, as said in *White v. Commonwealth, supra,* "nothing was left as the basis of a second prosecution alleging a former conviction," thus presenting in fact a condition which was suggested by the learned judge in said cited case as might arise, and that therefore it would be safer and more in consonance with a liberal and just view of the rights of the citizen that pending the alleged former conviction in the appellate tribunal there is wanting that final judicial sentence essential to constitute conviction.

In short, the trial court admitted evidence as evidence of a former conviction which this court subsequently held not a legal conviction. 15 Okla. Cr. 78, 174 Pac. 1106.

We are of the opinion that there was no legal evidence of a former conviction of the defendant for a violation of the prohibitory liquor laws, and hence the verdict of the jury was not supported by legal evidence, and that the court committed reversible error in overruling the motion for a new trial. *Benson v. State,* 10 Okla. Cr. 16, 133 Pac. 271.

On September 28, 1918, after the trial in this case, this court reversed the conviction of the defendant by said county court, the former conviction upon which this prosecution was founded, and dismissed the case. *McAlester v.*

*State,* 15 Okla. Cr. 78, 174 Pac. 1106. It therefore logically follows that the defendant cannot on another trial be legally convicted of a second violation of the intoxicating liquor laws as charged in the information in this case.

The judgment of the trial court is reversed, and the cause remanded, with instructions to proceed in accordance with the views expressed in this opinion.

DOYLE, P. J., and MATSON, J, concur.