### LINDSEY COLEMAN v. STATE.

#### No. A-3422. Opinion Filed May 11, 1920.

#### (189 Pac. 759.)

Appeal from District Court, Tulsa County; N. E. McNeill, Judge.

Lindsey Coleman was convicted under the enhanced penalty act of the prohibitory liquor law, and he appeals. Reversed and remanded.

D. M. Martindale, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the state.

PER CURIAM. Lindsey Coleman was convicted in the district court of Tulsa county under the enhanced penalty act of the prohibitory liquor law, and sentenced to serve a term of five years' imprisonment in the state penitentiary and to pay a fine of $50. From this judgment of conviction, an appeal has been properly perfected to this court, and several errors are alleged as grounds for reversal. The Attorney General has filed the following brief in the nature of a confession of error:

"This was a prosecution and conviction under the enhanced penalty act, as provided in section 2 of chapter 26, Session Laws 1913. With reference to the primary or initial conviction, in the course of the trial of this case, the following proceeding occurred:

'The Court: Sustained. Both sides admit the case is now pending in the Criminal Court of Appeals, and is undetermined. Mr. Reeves (County Attorney): We admit the case is now pending in the Criminal Court of Appeals and undetermined, but contend that fact is incompetent, irrelevant and immaterial to the issues in this case.' 'Under the rule laid down by this court in the case of McAlester v. State, 16 Okla. Cr. 70, 180 Pac. 718, the defendant in this case could not be convicted of the offense under the enhanced penalty act while appeal from the judgment in the previous conviction was pending in the Criminal Court of Appeals. In the McAlester Case, supra, this court held: 'Pending an appeal to the court from a conviction, where judgment of conviction is suspended, such conviction, until affirmed by this court, is not legal evidence, upon a trial for a second violation of the prohibitory liquor laws of a former conviction. Upon a trial for a second violation of the prohibitory laws, it is prejudicial error to admit in evidence proof of a prior conviction when judgment of such conviction has been appealed to this court, and the execution of the judgment of the conviction legally suspended, and the said appeal is undetermined.' Therefore the judgment in this case must necessarily fall."

The admission of the illegal and incompetent evidence complained of over the objection and exception of the defendant, was prejudicial error in this case, and the confession of error of the Attorney General is sustained, and the judgment reversed, and the cause remanded for further proceedings not inconsistent with this opinion.