## E. L. LONG v. STATE.

No. A-3377.     Opinion Filed Oct. 2, 1920.

(192 Pac. 427.)

(Syllabus.)

**CRIMINAL LAW—Second Offense—Evidence of Former Conviction.**
In a trial for a second violation of the prohibitory liquor laws, where the only evidence of the former violation charged was the conviction of the defendant, from which an appeal to this court was taken, the judgment and conviction suspended, and the appeal undetermined, the evidence is insufficient to sustain a conviction, and it is reversible error to overrule a motion for a new trial.

*Appeal from District Court, Tulsa County;*

*N. E. McNeill, Judge.*

E. L. Long was convicted of a second violation of the prohibitory liquor law, and he appeals.   Reversed.

*F. F. Nelson, John S. Hale, D. M. Martindale,* and *R. K. Robertson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error, E. L. Long, was convicted of having on the 20th day of August, 1917, intoxicating liquors in his possession with the intent to sell, barter, give away, and otherwise dispose and furnish the same in violation of the prohibitory liquor laws of the state, and alleging said offense to be the second offense, said defendant having been convicted of said offense in the county court of Tulsa county on the 11th day of May, 1917.   From the judgment rendered on the verdict he appeals.

The record shows that at the close of the case for the state, and again at the lose of the whole case, counsel for the defendant requested the court to advise and instruct the jury to return a verdict of acquittal on the ground and for the reason that the evidence fails to show that the defendant was ever convicted of a violation of the prohibitory liquor laws of the state of Oklahoma. After the verdict, the counsel moved for a new trial on the same ground and offered to prove that the former conviction, as alleged in the information, has not resulted in a final conviction; that said case is now pending on appeal from the judgment therein rendered.

The errors assigned are based upon the exceptions taken to the rulings of the court on this question.

The Attorney General has filed the following confession of error:

"This was à trial and conviction under the Enhanced Penalty Act of section 2 of chapter 26, Session Laws 1913. As a predicate to this prosecution, under this provision of the statutes, the county attorney, over the objection of the defendant, was permitted to introduce in evidence the previous conviction of the defendant upon which this prosecution was, in part, based. In the course of the trial, and in the examination of the witness Seamen, the deputy court clerk by whom the prior conviction was established, the following proceedings occurred:

" 'Q. What does your record show happened after the sentence there—

" 'The Court: That is not material.

" 'Q. (continuing)—as to an appeal?

" 'The Court: Wait a minute; that is not material.

" 'Mr. Williams: Objected to as incompetent, irrelevant, and immaterial.

" 'The Court: Yes; it is not material; all the court can go upon is a conviction.

" 'Q. I will ask you whether or not this case that you referred to was appealed to the Criminal Court of Appeals?

" 'Mr. Williams: I object as irrelevant and immaterial.

" 'The Court: Sustained.

" 'Mr. Weldon: Exception.'

"Under the rule announced by this court in the case of *McAlester v. State*, 16 Okla. Cr. 70, 180 Pac. 718, which opinion was rendered subsequent to the trial of this case, the question of whether or not the appeal was pending from the judgment in the prior conviction was one for the court to determine and to determine in the negative, before the evidence of the prior conviction was admissible. Without this evidence, of course no conviction under this statute could be obtained.

"The rule announced in the *McAlester Case, supra*, is as follows:

" 'Pending an appeal to this court from a conviction, where judgment of conviction is suspended, such conviction, until affirmed by this court, is not legal evidence, upon a trial for a second violation of the prohibitory liquor law.

" 'Upon a trial for a second violation of the prohibitory laws, it is prejudicial error to admit in evidence proof of a prior conviction when judgment of such conviction has been appealed to this court, and the execution of the judgment of the conviction legally suspended, and the said appeal is undetermined.'

"Therefore the judgment in this case must necessarily have to be reversed."

The records of this court show that the judgment of conviction rendered on the 15th day of May, 1917, against

the plaintiff in error was affirmed by this court on April 3, 1919; that said appeal was taken by filing in this court on September 15, 1917, a petition in error with case-made.

Upon the authority of the case of *McAlester v. State,* 16 Okla. Cr. 70, 180 Pac. 718, the conviction of error is well founded and should be sustained.

The judgment of the lower court is therefore reversed.