### Knode *v.* Williamson.

1. Where a notice to take depositions at a place specified informed the opposite party that they would be taken on a day named, and that the taking would be adjourned "from day to day until completed," and, a portion of the witnesses, having been examined (at whose examination the opposite party with his counsel attended), the taking of the examination of the others was adjourned until the next day, when it was again adjourned until the next succeeding day, and so on, from day to day till a particular day, when the taking of the testimony was completed in

---

* See 1 Parsons on Shipping and Admiralty, 26, 27.

Particulars of the first case, and opinion of the court.

the absence of both the opposite party and his counsel: *Held*, that an exclusion of the deposition on the ground of want of sufficient notice was error.

2. Where the purpose of testimony is to impeach a witness for want of veracity, it is not improper to ask the person on the stand what is the general " reputation " for truth of the witness sought to be impeached. It is even more proper than to ask what is his general " character " for truth; though the question is sometimes asked in the latter form; the word " character " being then used as synonymous with " reputation."

3. A notice without date, given to a party that depositions will be taken " on the 12th of September," (no year mentioned), at the office of a person named, " in the *city* of Guilford, State of Maine," is insufficient to let in a deposition taken on the 12th of September, 1867, " in the *town* of Guilford;" it not appearing whether the town or township of Guilford was the same as the city of Guilford; and the opposite party not having attended at the taking of the depositions, and so waived the defect in the notice.

ERROR to the District Court for the District of West Virginia.

Knode sued Williamson in the court below in trespass.

In the course of the trial the plaintiff offered in evidence the deposition of J. A. Chapline, which the court excluded.

He also offered in evidence the depositions of certain persons, Biddle, Jamieson, and others, which the court equally excluded.

The defendant, on the other hand, offered in evidence the deposition of a certain Ellis, which the court admitted.

Verdict and judgment having gone for the defendant, the plaintiff brought the case here on exceptions to the exclusion of the two first-mentioned depositions, and the admission of the last-mentioned one.

*Mr. C. W. B. Allison, for the plaintiff in error; Mr. W. W. Boyce, with whom was Mr. C. J. Faulkner, contra.*

Mr. Justice STRONG stated the particular circumstances under which the respective depositions that were the subject of the court's action complained of were taken, and delivered the opinion of the court on each case.

We think the District Court erred in excluding the depo-

sition of Chapline. It had been taken in the cause, in pursuance of notice that, together with the depositions of other witnesses, it would be taken on the 11th day of September, 1869. The notice also informed the defendant that taking of the depositions would be adjourned from day to day until they were completed. So long as such adjournments were in fact made, he was, therefore, informed of the times when he might attend for cross-examination. On the day first designated he did attend, with his counsel, and some depositions were taken. But all the witnesses not having been examined, the taking was adjourned until the next day, when it was again adjourned until the next succeeding day; and so on, from day to day, until September 18th, when the deposition of Mr. Chapline was taken in the absence of both the defendant and his counsel. All the adjournments, however, were from day to day, and consequently it was the duty of the defendant to take notice that depositions might be taken on any day to which an adjournment was made.

We think, also, the court erred in rejecting the depositions of Biddle, Jamieson, and others, mentioned in the bill of exceptions. They were offered to impeach the character or reputation of Thomas Noakes, a witness examined on behalf of the defendant. They had been taken regularly, and the only objection urged against their admissibility is, that the witnesses were asked if they knew the general "reputation" of Noakes for truth; instead of being asked whether they knew his general "character." The question was precisely what it should have been. It is true that in many cases, it has been said, the regular mode of examining is to inquire whether the witness knows the general character of the person whom it is intended to impeach, but in all such cases the word character is used as synonymous with reputation. What is wanted, is the common opinion, that in which there is general concurrence, in other words, general reputation or character attributed. That is presumed to be indicative of actual character, and hence it is regarded as of importance when the credibility of a witness is in question.

Particulars of the third case, and opinion of the court.

The only remaining assignment of error relates to the admission of the deposition of Ellis. It had been taken under a commission sent to the State of Maine, in another case between the same parties, in which the cause of action was the same as in the present case, but it had not been used in the trial of that other case. It also appeared that the witness was beyond the district, and a resident of another State, when his deposition was offered. But there was a material defect in the notice given to the plaintiff of the time and place of taking, which was not waived by any attendance before the commissioner. The notice was without date, addressed to the attorney of the plaintiff, informing him that the deposition would be taken on the 12th of September (year not mentioned), at the office of Henry Hudson, in the city of Guilford, State of Maine, between certain hours, and that if from any cause the taking of the deposition should not be commenced on that day, or, if commenced, should not be concluded, the taking thereof would be adjourned and continued from day to day, or from time to time, at the same place, and between the same hours, until completed. No other notice, either of the commission or of the time and place of taking the deposition, appears to have been given. It was taken, not in the city of Guilford, but in the *town* of Guilford, on the 12th day of September, 1867. Whether the town, or township of Guilford is the same as the city of Guilford does not appear. But a party who attempts to use the deposition of an absent witness must show that he has given his adversary an opportunity to cross-examine by a notice that is definite and certain, unless the failure to give such notice has been waived. Such was not the notice given in this case, and the deposition was, therefore, erroneously received in evidence.

JUDGMENT REVERSED, AND A NEW TRIAL AWARDED.