## J. L. WILKERSON v. STATE.

No. A-1696.  Opinion Filed June 28, 1913.

(132 Pac. 1120.)

1.  **INTOXICATING LIQUORS—Evidence of Character.** Where a defendant is on trial charged with having possession of intoxicating liquors with intent to sell the same, it is not competent for the state to prove, as evidence in chief against him, that he has the general reputation of being a bootlegger.

2.  **TRIAL—Character of Accused—Evidence.** Where the character or reputation of a defendant is not an element of the offense for which he is upon trial, and the defendant does not take the stand as a witness in his own behalf, it is error for the state to offer evidence of his bad character.

(Syllabus by the Court.)

*Appeal from County Court, Stephens County;*
*W. H. Admire, Judge.*

J. L. Wilkerson was convicted of having intoxicating liquor
in his possession with intent to sell, and appeals. Reversed.

*Wilkerson & Morris,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, J.    Upon the trial of the cause, over the
repeated objection of counsel for appellant, the state was per-
mittel to prove by a number of witnesses that the appellant
had the general reputation in the community in which he
resided of being a bootlegger.    The question which we are
called upon to decide is as to whether or not such testimony
is admissible as evidence in chief against a defendant, where
the defendant is upon trial charged with having in his pos-
session intoxicating liquors with the intention of selling the
same.

Where a defendant is upon trial for keeping a house of
ill fame or for maintaining a place at which intoxicating
liquors are sold, or for maintaining any nuisance, the charac-
ter of the house or place kept is an element of the offense,
and in such cases the general reputation of the house may
be proven.    This is the settled law in Oklahoma.    See *Carroll v.*
*State,* 4 Okla. Cr. 242, 111 Pac. 1021; *Smith v. State,* 6
Okla. Cr. 380, 118 Pac. 1003; *Ostendorf v. State,* 8 Okla. Cr.
360, 128 Pa. 143; *Putnam v. State, ante,* 132 Pac. 916; and
*Edmons v. State, ante,* 132 Pac. 923.

The reason and philosophy of the law underlying the
principle stated in the above cases is that the character of the
house is an element of the offense committed, for it is the ad-
vertisement of the owner, and assists him in committing
the offense and is a source of revenue to him, and the offense
is continuous.    But where a person is charged with an offense
which is based upon one specific transaction, the question of
character does not become an element of the offense, and

therefore the general reputation of the defendant in such case is not admissible. This is the line of demarcation between the cases in which reputation is admissible and is not admissible.

If appellant had taken the stand as a witness and testified in his own behalf, his general reputation as to his being a bootlegger would have been admissible in evidence, not for the purpose of proving him guilty of this specific offense, but for the purpose of affecting his credibility. But appellant did not testify in this case. In this instance the whisky in question was found in the home of appellant. In the absence of any testimony to the contrary the presumption of law was that he had it there for his own use. If the whisky, however, had been found at a place to which the public generally resorted, and the circumstances of the case indicated that such place was used for the purpose of selling whisky, then the reputation of such place might be proven as a circumstance to be considered by the jury in determining as to whether the whisky was kept there for sale. But even in such a case the personal reputation of the appellant as to his being a bootlegger should not be admitted, and the evidence should be confined to the reputation of the place at which the whisky was kept.

We think that the trial court erred in admitting the evidence complained of. The judgment of the lower court is therefore reversed, and the case remanded for a new trial.

ARMSTRONG, P. J., and DOYLE, J., concur.