## FLOYD KIRK *et al*. v. STATE.

No. A-2122.   Opinion Filed November 16, 1914.

(145 Pac. 307.)

1.   **EVIDENCE—Character of Defendant—Right to Attack.** The state cannot attack the character of a defendant unless he first puts that in issue by introducing evidence of his good character.

2.   **WITNESSES—Cross-Examination of Accused—Right.** A defendant, by availing himself of the statutory privilege of becoming a witness in his own behalf, has voluntarily changed his status from defendant to witness, and consequently may be cross-examined within the usual boundaries, and thus be discredited and impeached.

3.   **SAME—Impeachment—Reputation—Scope of Inquiry.** Where the purpose of testimony is to impeach a witness for want of truth and veracity, the inquiry and the answer must be as to his general character or reputation for truth and veracity in the community in which he resides, and testimony as to the general reputation of a defendant for being a bootlegger is incompetent to impeach the credibility of a defendant as a witness in his own behalf, or for any other purpose.

4.   **TRIAL—Instructions—Circumstantial Evidence.** Where the evidence relied upon by the state is entirely circumstantial, it is error for the court to refuse to give a requested instruction on the law applicable thereto.

(Syllabus by the Court.)

*Appeal from County Court, Bryan County;*
*J. L. Rappolee, Judge.*

Floyd Kirk and Charley Masoner were convicted of violating the prohibitory law, and appeal.   Reversed.

*Kyle & Newman,* for plaintiffs in error.

*Chas. West,* Atty. Gen. (*E. G. Spilman,* Asst. Atty. Gen., of counsel), for the State.

DOYLE, J.   The plaintiffs in error and one Clint Durant were jointly informed against for the offense of unlawfully conveying intoxicating liquor.   When the case was called for trial, on the request of the county attorney, the case as to the defendant Durant was by the court dismissed.   Upon their trial the

jury found the defendants guilty and assessed their punishment at a fine of $100 and 90 days' confinement in the county jail. The judgment was entered on the 15th day of September, 1913. To reverse the judgment, the defendants appeal.

The evidence offered by the state tended to prove the following facts: That on the night of the day named in the information Lib Heart and Tom Tabor, officers, went to the house of one Vanhoy, in the southern part of Durant, where a dance was going on; they secreted themselves in an alley, and shortly after three boys came out of the house; that they heard something rattling like bottles; that it was too dark to see, and they ran up and arrested them; that they searched them, but found no intoxicating liquor on them. They then secured a light and found three half-pint bottles of alcohol on the ground near where they arrested the defendants. The defendants as witnesses in their own behalf, and for each other, denied ever having possession of or of having conveyed the alcohol, or any other intoxicating liquor.

The first assignment of error is that the court erred in admitting testimony relating to the reputation of the defendants. It appears that, over the objection of the defendants, three witnesses were permitted to testify that they knew the reputation of the defendants for being bootleggers, and that it was bad.

The Attorney General contends that under the doctrine of the Wilkerson case, 9 Okla. Cr. 662, 132 Pac. 1120, the general reputation of the defendants as to being bootleggers was competent and admissible. We do not assent to this contention. The Wilkerson case was a prosecution for unlawful possession with intent to violate provisions of the prohibitory law. It is held in that case, and uniformly in all cases where the offense charged was unlawful possession, that testimony tending to show that the defendant had previously sold other liquor, or kept other liquor for sale, is admissible on the question of intent, and if such liquors were kept at a place at which the public generally resorted, and the circumstances of the case indicated that such place was used for the purpose of selling intoxicating liquor, the general reputation of such place is admissible on the question of intent.

The charge in this case is a violation of that subdivision of the enforcement act which provides that it shall be unlawful "to ship or in any way convey such liquor from one place within this state to another place therein, except the conveyance of a lawful purchase as herein authorized," and it was only necessary for the state to prove such unlawful conveyance. It was not necessary to prove unlawful intent, and character was not an element of the offense, and did not tend to prove the issue to be tried. *Proctor v. State,* 8 Okla. Cr. 537, 129 Pac. 77.

It is a fundamental principle of criminal law that the character of the defendant cannot be impeached or attacked by the state, unless he puts his character in issue by introducing evidence of good character.

Says Bishop:

"Bad character is never admissible in evidence against a defendant as ground for presuming guilt. This doctrine is absolute; thus, the evidence of stealing a horse cannot be reinforced by showing that the defendant is an associate of horse thieves." (1 Bishop's New Cr. Proc. par. 1112.)

And we hold, the fact that an offense has been committed cannot be proved by common rumor or general repute.

It appears that the jury were instructed, over the defendants' objection:

"That the testimony touching the general reputation of these defendants as to being bootleggers is to be considered by you only touching the credibility of these two defendants and for no other reason or purpose."

The question presented is whether such evidence is competent and admissible to impeach the credibility of the defendants as witnesses.

In general, it may be said that a defendant, by availing himself of the statutory privilege of becoming a witness in his own behalf, has voluntarily changed his status from defendant to witness, and consequently may be cross-examined within the usual boundaries, and thus be discredited and impeached. *Buxton v. State, ante,* 143 Pac. 58.

Our statute provides (section 5046, Rev. Laws 1910) that a witness may be discredited by showing on cross-examination his conviction of a criminal offense.

In the case of *Hendrix v. State,* 4 Okla. Cr. 611, 113 Pac. 244, it is held that:

"For the purpose of affecting the credibility of a witness, he may be asked as to whether or not he has ever been convicted of a violation of the prohibitory liquor law of the state."

In the absence of any further specific provision in our Code of Criminal Procedure, the common-law rule prevails (section 5543, Rev. Laws 1910); and, when it is sought to impeach a witness by general reputation, the inquiry and the answer must be as to his general character or reputation for truth and veracity in the community in which he resides. In other words, where the purpose of testimony is to impeach a witness for want of veracity, the testimony, to be competent, must be confined to witness' general character or reputation for truth in the community in which he resides. To impeach him on this inquiry the testimony must show that his general reputation for truth is bad. *Knode v. Williamson,* 17 Wall. 586, 21 L. Ed. 670.

If it were the law that everything which has a natural tendency to lead the mind towards a conclusion that a person charged with crime is guilty must be admitted in evidence against him on the trial of that charge, the argument for the state would doubtless be hard to answer; but the law is otherwise. It is the law that a defendant in a criminal case is presumed to be innocent until the contrary is proved by competent evidence beyond a reasonable doubt. Whether the law in this respect is wise or unwise, whether it accords with human reason and experience, whether it affords too great protection to the criminal, or too little to society, are not questions with which we have to do. It is not the province of the courts to change and relax the rules of evidence in order to facilitate convictions in a particular class of offenses. Until the lawmaking power intervenes and prescribes differently, the same rules of evidence must govern the trials of defendants in this class of offenses that govern in all other criminal trials.

It follows that evidence of the general reputation of the defendants as to being bootleggers was incompetent to impeach the credibility of the defendants as witnesses, or for any other purpose. Its admission was therefore prejudicial to the substantial rights of the defendants.

The next assignment is that the court erred in refusing a requested instruction on the law on circumstantial evidence. The evidence relied upon by the state was entirely circumstantial, and the court not only refused the instruction requested, but failed to charge the law on circumstantial evidence.

In *Rutherford v. United States*, 1 Okla. Cr. 194, 95 Pac. 753, it was held that:

"Where, in a criminal case, circumstantial evidence solely is relied on for a conviction, it is error for the trial court to fail and refuse to instruct on the law applicable thereto when the defendant requests it."

Under the evidence in the case the requested instruction, or one similar, should have been given.

We do not deem it necessary to consider the other assignments of error.

For the errors noticed, the judgment of conviction is reversed, and the case remanded.

ARMSTRONG, P. J. concurs. FURMAN, J., not participating.