## GEO. CAFFEE v. STATE.

No. A-2085.   Opinion Filed January 19, 1915.

(145 Pac. 499.)

1.   **INDICTMENT AND INFORMATION**—Verification—Sufficiency—Clerks of Courts—''Ministerial Act''—''Judicial Act.''   In a prosecution for misdemeanor, the information was sworn to before the clerk of the court, and a motion to quash on the ground that the information is not sworn to and verified in the manner required by law was overruled. Held, that the administration of an oath of an officer authorized to administer oaths is a ministerial, and not a judicial, act, wherefore the motion to quash was properly overruled.

2.    **INTOXICATING LIQUORS**—Prosecution—Possession with Intent to Sell—Evidence of Reputation.   In a trial for possession of intoxicating liquor with intent to sell the same, where the proof shows such possession at a place of public resort, and that such place was used for the purpose of selling intoxicating liquor, evidence of the general reputation of the place is admissible on the question of intent.

(Syllabus by the Court.)

*Appeal from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

George Caffee was convicted of a violation of the prohibition law, and appeals.   Affirmed.

*De Roos Bailey, J. E. Wyand,* and *Chas. A. Moon,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   This appeal is prosecuted from a conviction had in the superior court of Muskogee county on the 5th day of July, 1913, in which the defendant was found guilty of the offense of having the unlawful possession of intoxicating liquors with intent to sell the same.   The jury fixed the punishment at a fine of $200 and confinement in the county jail for 50 days.

The evidence shows that the defendant's place of business was known as the "Busy Drug Store," located at 110 North Second street, Muskogee.   On the day named in the information three officers searched the place and found the defendant behind the prescription case.   The defendant dropped a whisky bottle in a tub with the remark that he and a friend had just taken a drink.   The officers found there 60 half pints, 14 pints, and two quarts of whisky.

Over the objection of the defendant, three witnesses were permitted to testify that they knew the general reputation of the defendant's drug store as being a place where intoxicating liquors were sold and kept for sale.

The state introduced a certified copy of the records of the internal revenue collector showing the payment of the special

tax required of liquor dealers by the United States covering the "Busy Drug Store," "Geo. C. Caffee," 110 North Second street, Muskogee, Okla.

The first question presented upon the record is the sufficiency of the verification. Upon arraignment the defendant filed a motion to quash the information on the ground that the same is not sworn to and verified in the manner required by law. The record shows that the information was sworn to before Robert Toomer, clerk of the superior court.

The learned counsel for the plaintiff in error contend that informations in misdemeanor cases must be sworn to before a magistrate.

Section 4288, Rev. Laws, provides that:

"The following officers are authorized to administer oaths: * * *

"Third: Judges and clerks of the district, superior and county courts within their respective districts' or counties."

The administration of an oath by an officer is a ministerial, and not a judicial, act.

The verification as made was clearly sufficient, and the motion to quash was properly overruled.

The second question presented arises upon the rulings of the court admitting evidence of the general reputation of the de-defendant's place of business. This question was passed on in the case of *Wilkerson v. State,* 9 Okla. Cr. 662, 132 Pac. 1120. In the case of *Kirk v. State, ante,* 145 Pac. 307, it is said:

"The Wilkerson case was a prosecution for unlawful possession with intent to violate provisions of the prohibitory law. It is held in that case, and uniformly in all cases where the offense charged was unlawful possession, that testimony tending to show that the defendant had previously sold other liquor or kept other liquor for sale is admissible on the question of intent, and if such liquors were kept at a place at which the public generally resorted, and the circumstances of the case indicated that such place was used for the purpose of selling intoxicating liquor, the general reputation of such place is admissible on the question of intent."

Under the facts in this case, evidence of reputation was admissible. After a careful examination of the various questions

raised, we are satisfied that, under well-settled rules sustained and upheld by the decisions of this court, no prejudicial error has been committed.

Our conclusion is that the defendant had a fair trial, and was properly convicted.

The judgment of conviction is therefore affirmed.

FURMAN and ARMSTRONG, JJ., concur.