Cushing, J.
The second amended petition, on which this case,was tried, is indefinite and uncertain. Its allegations do not comply with the pro *366 vision of Section 11305, General Code, requiring “a statement of facts constituting a cause of action in ordinary and concise language.”
It was charged that plaintiff’s decedent, Mrs. Elizabeth Doecker, was crossing Linn street, some distance south of Court street; that defendant, Abner L. Whitaker, was negligent in driving his automobile past a street car that had stopped on the north side of Court street to receive and discharge passengers; that in so doing he violated ordinances of the city of Cincinnati; that he failed to have his automobile under control, to sound a warning, to keep a proper lookout for pedestrians; and that at the point in question he drove said automobile at an unlawful rate of speed.
From the record it is undisputed that at the time Whitaker proceeded from the north side of Court street no street car was stopped as claimed; that there was nothing to obstruct either Mrs. Doecker’s of Mr. Whitaker’s view of each other, and that the accident happened south of the south line of Court street.
The question is, Did the accident happen on account of the automobile running into Mrs. Doecker, or by her walking into the side of it?
There are many loose, irrelevant statements in the pleadings, evidence and briefs, so that a number of the assignments of error need not be considered.
The motion to reform the petition by striking out, and making other parts definite and certain, was well taken, and was properly granted.
It is claimed there was error in admitting in evidence the following sections of ordinances:
*367 Section 680-11 (4). “Pedestrians shall not cross streets or highways except at the regularly designated crossings, and then at right angles only.”
Section 680-12 (1). “No owner or operator of any vehicle shall drive, operate or move or permit the same to be driven, operated or moved on any street, alley or park driveway of the City of Cincinnati at a rate of speed in excess of eight (8) miles per hour within the territory bounded on the north by the center line of Eighth Street, on the east by the east line of Sycamore Street, on the south by the center line of Fourth Street, and on the west by the west line of Elm Street; said territory being defined as the business and closely built up portion of the city; nor in excess of fifteen (15) miles per hour on any street, alley or park driveway in the city outside of said territory.”
Counsel cite McIlhenney v. Philadelphia, 214 Pa. St., 44, and Baker v. Close et al., 204 N. Y., 92. Neither of these cases is in point. It was not pointed out in either that any statute or ordinance was considered by the court.
It is settled in Ohio that the regulation of traffic on highways is within the scope of the powers of the legislative branch of the state government. In the absence of any claim or authority that such legislation is unconstitutional or void, it will be held valid. In the case of Schell v. DuBois, Admr., 94 Ohio St., 93, the supreme court of Ohio settled the question of legislative authority and also the effect of a violation of such enactment.
Section 680-11 (4), above quoted, was offered in evidence, and special charge No. 6, requested by defendant, was given. That part of the ordinance *368 requiring the director of public service to designate street crossings and extensions of sidewalks was not pleaded or offered in evidence; nor was there any evidence as to where the crossing, designated or otherwise, was, at' or near the point in question. On this state of the record the giving of special charge No. 6 was error. That charge is as follows:
“The court charges that if you find that the plaintiff’s decedent attempted to cross-Linn Street at any point other than a regularly designated crossing, or if you find that in attempting to cross Linn Street, she did not cross at right angles with Linn Street, in violation of Section 680-11, part 4, of the Ordinances of the City of Cincinnati, she was guilty of negligence, and if you further find that such negligence was the proximate cause of the accident, or that if combined with the negligence of the defendant, if you should find that the defendant was negligent, to produce the proximate cause of the accident, then your verdict must be for the defendant.”
It is also contended that the admission of Exhibits B and C, photographs offered in evidence, •constituted error prejudicial to plaintiff. Benj. L. Hawkins testified that he had washed the automobile a short time before the accident, that he knew the condition of the same, and that the marks in question were not on it prior to the accident; that he examined it shortly after the accident, and the marks were then just as shown in the photograph. The rule of evidence is that if the photograph at the time correctly represents the condition of the article, which can not be presented in court, it is *369 admissible in evidence. The C., H. & D. Ry. Co. v. De Onzo, 87 Ohio St., 109.
Plaintiff in error complains of the refusal of the court to give special charge No. 2, which is as follows:
“If you believe by a preponderance of the evidence that the decedent, Elizabeth Doecker, as a result of her own negligence, put herself in a place of danger in the street, nevertheless if the defendant by exercising that degree of care which an ordinarily careful and prudent person would have exercised under the same or similar circumstances, could have discovered the plaintiff’s danger and by the use of ordinary care avoided injuring her, and failed to use that degree of care and she was thereby injured, the defendant is liable.”
The record shows that the conduct of the plaintiff, if it constituted negligence, was concurrent with the acts of negligence claimed by plaintiff to have been committed by the defendant'. Under such a state of facts the doctrine of last chance has no application. Resides it was not pleaded. See Taylor v. Ohio Electric Ry. Co., 29 O. C. A., 401 (motion to certify denied February 11, 1919, 16 O. L. R, 507); Drown v. Northern Ohio Traction Co., 76 Ohio St., 234; Bejac v. The C., P. & E. Ry. Co., 23 C. C., N. S., 475, affirmed 90 Ohio St., 409; Galati v. The Erie Railroad, 23 C. C., N. S., 63; Henry v. The C., L. & N. Elec. St. Rd. Co., 23 C. C., N. S., 40; Harris v. The Mansfield Railway, Light & Power Co., 4 Ohio App., 108, and Goodman v. The Cleveland Elec. Ry. Co., 16 C. C., N. S., 208.
*370 Moreover, we are of opinion that the charge presented does not correctly state the law. It imposes on the defendant a liability for injuring a plaintiff who has been guilty of negligence, because of defendant’s failure to use care thereafter to avoid the accident, in the absence of actual knowledge of the danger of plaintiff. The precise point was not decided by the court in the case of West, Recr., v. Gillette, Admr., 95 Ohio St., 305. The majority opinion on that point is not inconsistent with the opinion of Jones, J., who dissented, as the majority deemed it unnecessary to pass upon this question since the record showed that the defendant had actual knowledge. The dictum on page 316 states that the rule set forth in Thompson on Negligence “is well founded in reason and authority.” Cf. page 329. We can add nothing to what was said by Jones, J., in that case. The duty imposed upon a defendant under the doctrine of “last clear chance” becomes existent after the discovery of plaintiff’s peril. The court properly refused to give special charge.
The trial court overruled a motion to strike the deposition of Charles R. Heeter from the files, and permitted it to be read in evidence over the objection of plaintiff. Notice of the taking of depositions was served on plaintiff’s counsel advising that defendant would take the depositions of sundry witnesses “at Camp Hancock, Georgia, in the County of Richmond, in the State of Georgia.” Section 11534, General Code, requires written notice of the intention to take deposition. Among other things, it must state “the time when and the place where it will be taken.” What did the legislature mean *371 by the words “the place where” ? Evidently it was a definite location of such description that opposing counsel could locate, and, if he desired, be present to cross-examine the witness.
In Lucas v. Richardson, 68 Cal., 618, it was held that a notice to take depositions before D. G. Craig, a notary public in San Francisco, Cal., was not sufficient as to place.
In Harris v. Hill & Relf, 7 Ark. (2 Eng.), 452, it was held: “A notice to take them [depositions] ‘at the court-house in the city of New Orleans, in the State of Louisiana,’ is not sufficiently definite as to the place — there being several courts held under the same roof, btit in different apartments, above and below stairs.
“A party is entitled to such a description of the place as to distinguish it from all others.”
The same was held in Knode v. Williamson, 17 Wall., 587, 589, where the city of Guilford, state of Maine, was designated as the place. The court say:
“A party who attempts to use the deposition of an absent witness must show that he has given his adversary an opportunity to cross-examine by a notice that is definite and certain, unless the failure to give such notice has been waived. Such was not the notice given in this case, and the deposition was, therefore, erroneously received in evidence.”
Crozier v. Gano, 4 Ky., 257; Rodman v. Kelley, 13 Ind., 377, and Kinkead’s Ohio Civil Trial and Procedure, Section 447, page 366, are cited to the same effect.
The notice was insufficient as to the place and the deposition should not have been received in *372 evidence. It contained important'testimony on the most substantial points in the case. Its admission was prejudicial error.
The evidence is clear that the accident happened at a point south of the intersection of Court and Linn streets; that it happened by the deceased walking into the side of the automobile; that aside from the errors stated the questions of fact were submitted to the jury under proper instructions.
The judgment will be reversed and the cause remanded for a new trial.

Judgment reversed, and cause remanded.

Spiohl, P. J., and Hamilton, J., concur.