### R. L. ROGERS v. STATE.

No. A-3550.　Opinion Filed Jan. 27. 1921.
Rehearing Denied May 10, 1921.
(197 Pac. 525.)

(Syllabus.)

1.　Intoxicating Liquors—Unlawful Possession—Presumptions.　In this state, where a person has concealed and has in his possession an excessive quantity of intoxicating liquor, a presumption arises that it is kept there for an illegal purpose.

2.　Same—Unexplained Possession.　Where liquor is found concealed on the premises of the accused in his presence and no claim is made by him that it is being kept for legitimate purposes, the presumption that it is kept for an illegal purpose is strengthened.

3.　Same—Attempt to Suppress Prosecution.　Under such circumstances, where an attempt is made by the accused to suppress a prosecution for the offense of having possession of liquor for illegal purposes, and he offers to pay a sum of money to the arresting officers to permit him to escape, a further presumption is created that the liquor is being kept for an illegal purpose.

4.　Same—Trial—Failure to Instruct on Intent.　Where such presumptions obtain and where the accused offers no testimony indicating a lawful possession of intoxicating liquor, it is not reversible error for the trial court to fail to instruct the jury upon the question of lawful intent.

Appeal from County Court, Carter County; Thomas W. Champion, Judge.

R. L. Rogers was convicted of the crime of having unlawful possession of intoxicating liquor, and sentenced to serve

30 days in jail and pay a fine of $100, and he appeals.      Affirmed.

Sigler & Jackson, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

BESSEY, J.   On April 9, 1919, plaintiff in error, R. L. Rogers, was tried and convicted in the county court of Carter county, Okla., of the crime of having unlawful possession of intoxicating liquor, and his punishment was assessed at 30 days in jail and a fine of $100.

In this case no testimony was introduced on the part of the plaintiff in error.   The testimony on the part of the state was to the effect that the plaintiff in error had on his premises a garage with a concrete floor laid in squares, that one of these squares of concrete was so constructed that it could be lifted up and removed, and that underneath this square was an excavation containing one hundred twenty quarts of whisky.   The officers who found this whisky so concealed testified that the plaintiff in error, upon its discovery in his presence, offered to pay them all the money he had at that time, $130, to suppress the charge.   At that time he made no denial that the liquor belonged to him and made no explanation as to why such a large quantity was stored upon his premises.

There is a presumption in this state that where a person has in his possession such a large quantity of intoxicating liquor that he has it for an illegal purpose.   Sess. L. 1913, p. 48.

Such presumption is strengthened where the liquor is discovered in the presence of the accused and no claim is made that it is for a lawful purpose.   Lawson on Presumptive Evidence, 628.

Under such circumstances, where an attempt is made to suppress the accusation and permit the accused to escape, it creates another presumption that the liquor is kept for illegal purposes. Lawson on Presumptive Evidence, 356; State v. Crowder, 41 Kan. 101; State v. Case, 93 N. C. 545, 53 Am. R. 471; Fanning v. State, 14 Mo. 386.

Plaintiff in error urges in his brief that the trial court erred in failing to instruct the jury upon the question of unlawful intent. The Attorney General in his brief admits that the court should have submitted such an instruction, as requested, but in view of all the testimony in this case, considered with the presumptions of law and fact necessarily deduced therefrom, and without any explanation on the part of the plaintiff in error as to why he had in his possession so large a quantity of whisky, it is the opinion of this court that the submitting of such an instruction would not have changed the verdict.

After an examination of the entire record, we conclude that there was no miscarriage of justice, and that the error, if indeed there was error, was not in violation of any constitutional or statutory right of the plaintiff in error.

The judgment of the trial court is therefore affirmed.

DOYLE, P. J., and MATSON, J., concur.