## JIM FRAZIER v. STATE.

No. A-5018. Opinion Filed Sept. 14, 1925.

(239 Pac. 186.)

McCollum & McCollum, for plaintiff in error.

George F. Short, Atty. Gen., and V. P. Crowe, Asst. Atty. Gen., for the State.

EDWARDS, J. From a conviction in the county court of Pawnee county on a charge of selling whisky, the plaintiff in error, hereinafter called defendant, has appealed, assigning as error: First, the cross-examining of defendant concerning other offenses or charges against him for which he had not been convicted; second, in permitting the state

to offer evidence in rebuttal of other offenses charged against the defendant for which he had not been convicted.

In the trial of the case, the state used only one witness in chief. The defendant thereupon offered the evidence of the defendant, who denied the sale testified to by the witness for the state. Upon cross-examination the county attorney questioned the defendant about the sale of whisky to other individuals, which the defendant denied. Thereupon the state called in rebuttal several witnesses who testified at other times they had purchased whisky from the defendant. The defendant by becoming a witness was subject to the same rules of cross-examination as any other witness, and, within the usual boundaries, might be discredited and impeached. Kirk et al. v. State, 11 Okla. Cr. 203, 145 P. 307; Smith v. State, 14 Okla. Cr. 348, 171 P. 341.

Upon a charge of the sale of whisky the offense is not continuing, but single, and the charge is not supported by proof that the defendant at some other time sold whisky to some other person. The introduction of such evidence serves to confuse the jury and injects into the case collateral matters which the defendant cannot be prepared to meet. The introduction of such evidence is prejudicial and requires a reversal. Miller v. State, 13 Okla. Cr. 176, 163 P. 131, L. R. A. 1917D, 383; Proctor v. State, 8 Okla. Cr. 537, 129 P. 77; Clemmons v. State, 8 Okla. Cr. 161, 126 P. 705.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.