## JOHN ZUPON v. STATE.

No. A-5138.   Opinion Filed Nov. 14, 1925.
(240 Pac. 755.)

Titus & Talbot, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

EDWARDS, J.   From a conviction in the county court of Alfalfa county on a charge of having possession of intoxicating liquor with intent to sell, the plaintiff in error, hereinafter called defendant, has appealed.

An examination of the record discloses that the sheriff and a deputy went to the farm where the defendant and his father resided. The father was not at home, and the officers made request of defendant to be allowed to search for intoxicating liquor, which was denied by the defendant unless they had a search warrant. They later procured a search warrant and searched the premises, and in a small draw or canyon, about one-fourth of a mile from the house covered deep with straw they found three barrels of what

they designated as "mash," and in the cellar of the house they found several jars of a fermented liquid and two Coleman burners. Analysis of the contents of the barrels showed it to contain 9 per cent of alcohol, measured by volume. The sheriff testified that in his judgment the liquid was capable of being used as a beverage. There was also evidence introduced that a short time prior to the finding of the mash two individuals had bought whisky from the defendant.

The defendant testified in his own behalf that where the barrels were found that there was a draw, and considerable work had been done there to stop the land from washing, and several loads of straw dumped for that purpose; that he had not placed the barrels there and knew nothing of them; and that the contents of the jars found in the cellar was merely some fruit that had spoiled, or in a spoiling condition, out of which he was making vinegar.

The defendant contends that the court erred in permitting proof of the sale by defendant of whisky at some prior date. Proof of an unrelated independent offense is not admissible against a defendant charged with a crime except where it has some logical connection with the offense charged, or where it tends to prove motive or intent, or falls within some other exception making it admissible. In this case there was circumstantial proof sufficient to carry the case to the jury on the possession by the defendant of intoxicating liquor. The quantity found is prima facie proof of the intent to sell (Quinn v. State, 8 Okla. Cr. 478, 128 P. 1104; Billingsley v. State, 4 Okla. Cr. 597, 113 P. 241; Rogers v. State, 19 Okla. Cr. 1, 197 P. 525), but the state is not precluded from proof of intent by other evidence; and the proof of sales on a prior occasion, not too remote, would be some evidence of the intent with which the particular liquor was kept.

Our attention has not been called to any case directly

in point stating this view of the law. In the case of Kirk v. State, 11 Okla. Cr. 203, 145 P. 307, it was said:

"* * * The Attorney General contends that under the doctrine of the Wilkerson Case, 9 Okla. Cr. 662, 132 P. 1120, the general reputation of the defendants as to being bootleggers was competent and admissible. We do not assent to this contention. The Wilkerson Case was a prosecution for unlawful possession with intent to violate provisions of the prohibitory law. It is held in that case, and uniformly in all cases where the offense charged was unlawful possession, that testimony tending to show that the defendant had previously sold other liquor, or kept other liquor for sale, is admissible on the question of intent. * * *"

An examination of the Wilkerson Case, there referred to, however, discloses that that case does not hold as fully as indicated in the Kirk Case. Frazier v. State, 31 Okla. Cr. 322, 239 P. 186.

The second contention made by defendant is that the evidence is not sufficient to sustain the verdict. The evidence is circumstantial, but the circumstances are such that the jury might logically and reasonably find that the defendant had possession of the liquor in question with the intent to sell, and that it was capable of being used as a beverage. Finding no reversible error, the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.