## JEFF SETTLES et al. v. STATE.

No. A-5166.   Opinion Filed Nov. 16, 1925.
(240 Pac. 756.)

Sam K. Sullivan, Neal A. Sullivan, R. J. Shive, and Matson & Mathers, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J. The plaintiffs in error, here denominated the defendants, by separate verdicts of the jury were found guilty of the illegal possession of whisky. The punishment of defendant Settles was assessed at a fine of $500 and confinement in the county jail for 6 months; the punishment of Ruth McFarland was fixed at a fine of $250 and 90 days in jail.

In the town of Tonkawa, in Kay county, there was a building, the upper story of which was known as the McFarland rooming house. The lower front portion of the building was occupied as a secondhand furniture store; the rear portion of the lower floor was used as a garage. A search warrant was issued and delivered to certain peace officers, authorizing them to search the "McFarland rooms," describing their location, for intoxicating liquors said to be kept there in violation of law.

Under authority of this warrant the officers went to this rooming house, where they entered a room occupied by defendant Settles, who was then ill and confined to his bed. While they were in this room they heard a crash as of breaking glass in an adjoining room. Upon entering this latter room they found defendant Ruth McFarland, and in the sink was a broken bottle; some liquid had fallen or splashed, presumably from this bottle, upon the floor, and from it emanated a pungent odor like that of whisky. The search was continued, but no other evidences of liquor were found in any of the rooms on this floor.

Later that day, or possibly the following day, the officers went into the front part of rooms below and made a search among the furniture. In the rear portion, used as a garage, they procured a spade, and under the ground a jug containing whisky was found.

The state offered no evidence showing, or tending to

show, that the rooms on the lower floor, occupied as a furniture store and garage, belonged to the defendants or either of them, or that they exercised any control over them. The whisky found in the excavation in the garage was marked as an exhibit, and introduced in evidence over the objections of the defendants.

The defendants denied that they had whisky in the rooms above, and denied that they had any knowledge of the whisky found in the garage, and stated that the furniture store and garage were not a part of their premises, and that they had no control over them; they also named the person who occupied and operated the premises below.

It is elementary that a defendant charged with illegal possession of whisky must be charged with but one offense, and that the proof should be limited to evidence supporting that offense, directly or indirectly. Other offenses may be shown if they are connected with the same transaction and are a part of the res gestæ; or separate offenses not too remote and reasonably tending to show an illegal intent may be shown. But in this case the evidence of the finding of the liquor in the garage portion of the building was inadmissible, because no proper predicate had been laid showing that these defendants had any connection with it.

Evidence was properly admitted tending to show that the McFarland rooming house was a place of public resort and bore a bad reputation as being a place where liquors were illegally kept and sold. Caffee v. State, 11 Okla. Cr. 263, 145 P. 499.

Where the charge is illegal possession, previous specific violations of the prohibitory laws, not too remote, may be shown when such violations reasonably tend to establish an illegal intent to sell the particular liquor seized or any liquor found in the possession of the accused. But such

‐

evidence should be introduced only for the purpose of showing intent, and the jury should be so instructed. Zupon v. State, 32 Okla. Cr. 255, 240 P. 755.

Over the objection of the defendants a woman taken from the jail testified that she saw liquor sold and kept for sale by the defendants about six months previous, at the McFarland rooms. Under the circumstances, this was too remote, and in any event the court should limit the application of such testimony to the question of intent of the parties relative to the particular liquor found when the arrest was made.

Under the evidence before them, guided by the instructions of the court as given, some of the jurors may have believed that the defendants were in illegal possession of the whisky found in the garage, while other jurors may have believed that they had illegal possession of the liquor said to have been destroyed in the sink, or of the whisky said to have been sold by the defendants months earlier.

The cause is reversed and remanded.

DOYLE and EDWARDS, JJ., concur.