### D. H. MITCHELL v. STATE.

No. A-5349.  Opinion Filed Jan. 9, 1926.
(242 Pac. 288.)

BESSEY, P. J. By verdict of a jury the plaintiff in error, here referred to as the defendant, was found guilty of the illegal possession of whisky, with his punishment fixed at a fine of $300 and confinement in the county jail for a period of 60 days.

The testimony on the part of the state shows that the defendant was the owner of a place designated as a drug store, in the town of Three Sands, and that he and a woman, said to be his wife, operated this store both before and after the seizure of the whisky upon the possession of which this prosecution was based.

The defendant admitted that he was not a pharmacist, and that his stock consisted of patent medicines, cigars, tablets, ink, shoe blacking, and other sundries, of the total value of about $200. The defendant claimed that a few days prior to the seizure he sold or leased this stock of goods to Ruth Williams, who had before that time occupied a portion of the building with the defendant; that Ruth Williams was not his wife; and that they had never held themselves out as being husband and wife. Some days after the seizure the defendant sold the building, fixtures, and stock to a third person.

The liquor seized, according to the testimony of the state, consisted of a half-gallon container and two pint bottles of corn whisky, besides a quantity of Jamaica ginger, of unknown alcoholic content.

No briefs have been filed in this case, but this court has examined the record, and finds no prejudicial error. The information was sufficient. The proof on the part of the state, if believed by the jury, was sufficient to sustain the verdict, and the instructions of the court correctly stated the law of the case, with but one exception. That exception arose in this wise: The state was permitted to show by two witnesses that this alleged drug store bore a bad reputation as being a place where intoxicating liquor was kept for sale. The instructions of the court should have apprised the jury that such evidence was admissible only for the purpose of showing intent on the part of the defendant, and not as substantive evidence of the offense itself. Zupon v. State, 32 Okla. Cr. 255, 240 P. 755; Frazier v. State, 31 Okla. Cr. 322, 239 P. 186.

The omission, however, was cured by the declaration of the court during the progress of the trial to the effect that this evidence was admitted for that purpose only. At any rate, from an examination of the whole record, we are convinced that the jury were not misled in this regard.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.