## A. J. HARGIS, Jr., v. STATE.

No. A-4788. Opinion Filed Feb. 27, 1926.
(243 Pac. 986.)

W. G. Hughes, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of

Cimarron county on a charge of having possession of whisky with intent to violate the prohibitory law, sentenced to confinement in the county jail for a period of 30 days, and to pay a fine of $100.

The first error assigned as ground for reversal is that the court erred in overruling the application of defendant for a continuance in order that he might take the deposition of witnesses in the state of Kansas. The evidence of the witnesses whose deposition was sought to be taken is largely cumulative. When the application for continuance was presented, the state agreed that the affidavit be read and used as the deposition of the absent witnesses. Defendant contends that the state should have admitted the statement as true, citing Madison v. State, 6 Okla. Cr. 356, 188 P. 617, Ann. Cas. 1913C, 484. That case sustains the contention of the defendant, but the rule there announced was long since overruled by this court. Owen v. State, 13 Okla. Cr. 195, 163 P. 548; Ennis v. State, 13 Okla. Cr. 675, 167 P. 229, L. R. A. 1918A, 312.

In the latter case it was held:

"When an application for continuance to take depositions complies in all particulars with the statute and when the showing made clearly entitles the accused to take the depositions and no issue is made by the state that the testimony is not essentially material to the defense of the accused, a postponement or a continuance should be allowed, and proper orders made by the court for the taking of the depositions is provided unless counsel for the state offer to admit that the absent witness would testify to the facts set out in the application, and that such application could be read in evidence in lieu of the depositions sought."

Next it is argued that there is error in the instructions of the court Nos. 6 and 7, in which the court instructed on the presumption arising from possession

of intoxicating liquor. It is contended that these instructions are erroneous, citing Billingsley v. State, 4 Okla. Cr. 597, 113 P. 241; Quinn v. State, 8 Okla. Cr. 478, 128 P. 1104. Since the decisions referred to, the law in reference to the possession of intoxicating liquor has been amended. The statute now provides that the possession in excess of one quart of any spirituous, vinous, fermented, or malt liquor, with certain exceptions, is prima facie evidence of an intention to violate the prohibitory law. Section 6999, Comp. St. 1921, and chapter 123, p. 144, Sess. Laws 1924. The instructions complained of merely state the rule applicable to this statute. Caffee v. State, 11 Okla. Cr. 485, 148 P. 680; Huff v. State, 12 Okla. Cr. 139, 152 P. 464.

It is next contended that the court erred in informing the jury that evidence of a prior conviction of defendant for a violation of the prohibitory law might be considered as affecting his credibility. It is argued that this is erroneous, and that such prior conviction should have been limited merely to proof of the intent with which the liquor in question was kept by him, citing Rice v. State, 5 Okla. Cr. 68, 113 P. 203; Hill v. State, 3 Okla. Cr. 686, 109 P. 291.

The authorities cited do not sustain the contention made. It is well established that a conviction for a violation of the prohibitory liquor law may be shown for the purpose of affecting the credibility of a witness. Section 585, Comp. Stat. 1921; Fowler v. State, 8 Okla. Cr. 130, 126 P. 831; Hendrix v. State, 4 Okla. Cr. 611, 113 P. 244; Slater v. U. S., 1 Okla. Cr. 275, 98 P. 110.

While the evidence upon which the defendant was convicted is largely circumstantial, there is ample evidence to sustain the verdict, and, where the evidence

is sufficient, its weight and credibility is for the jury, and this court is not at liberty to disturb the verdict for insufficiency.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.