## GRADY JOHNSON v. STATE.

No. A-5555.  Opinion Filed Nov. 6, 1926.
(250 Pac. 141.)

J. H. Foster and Womack, Brown & Cund, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

BESSEY, P. J.  The plaintiff in error, here designated the defendant, was convicted of the illegal possession of about five quarts of whisky found at his home by certain peace officers, who went there under authority of a search warrant.  The defendant at this time was an oil well driller, in charge of the drilling operations of an oil well some distance from Duncan.  It was shown that he commenced work at 12 o'clock midnight each day, and continued until 12 o'clock noon following; that, at and prior to the time of the alleged offense, his wife was away from home

visiting relatives, and that the defendant ate his meals at a cafe, but slept at the residence; that during the absence of his wife he was making certain repairs about the premises; that, at the time of the seizure, there was a man there painting the house; that workmen were about there, unloading lumber and materials to make cement, preparatory to building a garage; that a neighbor woman came each day into the kitchen to get chicken feed to feed the chickens, and to water the plants and shrubbery; that, preparatory to the return of the wife of defendant, two women came there to clean up the house, and were operating a vacuum sweeper at the time of the search by the officers who found the whisky in the kitchen. There was an unmarried man who lodged there at and prior to this time.

The proof is conclusive that the officers found about a gallon of whisky in the kitchen and about a quart of whisky elsewhere on the premises. After the defendant returned to his home, the officers apprised him that they had searched his residence and seized the whisky. He informed these officers that he would presently appear at the courthouse. It is claimed by the state that, when he did appear at the courthouse, the county judge informed him of the accusation and asked him whether or not he was guilty, to which he replied: "The stuff was over there. I guess I just as well plead guilty." The defendant claims that he said: "It was there. I guess I am the fall guy. I just as well make bond for it." Bill McIlvain, a deputy sheriff, said: "You misunderstood him, Judge; he wants to make bond." The officers permitted the defendant to leave the courthouse unattended, to make bond, which he afterwards executed to the approval of the court.

After a careful examination of the record, this court is satisfied that the affidavit and search warrant were sufficient, that the instructions of the court, touching upon the presumption of intent to violate the law, and upon circumstantial evidence, fairly submitted the case to the jury, and that the defendant was otherwise accorded a fair trial.

The main issue involved in this appeal is whether the evidence is sufficient to support the verdict. Under the instructions of the court, the jury were admonished that they must find, beyond every reasonable doubt, that the defendant had this whisky with intent to violate the prohibitory law, and that the same had not been placed there by another person without his consent. It is a close case upon the facts; but, considering all the evidences before cited, together with other details not mentioned, we conclude that the evidence adduced by the state was sufficient to go to the jury, and that the evidence, construed in connection with the statutory presumption of an intent to violate the law, was sufficient to support the verdict.

The statute making possession of more than one quart of whisky presumptive evidence of an intent to violate the prohibitory laws may, in certain instances, work a hardship on innocent persons; but that is a matter for the consideration of the Legislature, and should not be disturbed by judicial construction.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.