# C. F. KERKER v. STATE.

No. A-6817. Opinion Filed Nov. 23, 1929.
(282 Pac. 896.)

F. H. Reily, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the superior court of Pottawatomie county on a charge of having possession of three quarts of whisky with intent to sell the same, and his punishment fixed at a fine of $500 and confinement in the county jail for a period of 60 days.

The evidence of the state was that the sheriff and one of his deputies visited the filling station of the defendant; that they had a search warrant; that the filling station consisted of one building, the front room of which was used as a store and sales room, and that there was a small room in the rear in which was a cot and a stove, and that apparently some one slept in that room; that they found a gallon jug two-thirds full of whisky, together with some empty whisky bottles and "jake" bottles in this rear room. The defendant admitted that the whisky belonged to him, but claimed he had it for his own personal use. The defendant offered evidence of his good character; the state in rebuttal called several witnesses who testified that the reputation of the defendant as a law-abiding citizen was bad.

The defendant first contends that the court admitted incompetent and prejudicial evidence. The county at-

torney filed a sufficient affidavit for a search warrant, alleging that the defendant was unlawfully in possession of intoxicating liquor and also that the defendant was in possession of certain stolen articles describing them. A search warrant was issued directing the sheriff to search the premises of the defendant for intoxicating liquor and also for the stolen articles. The return of the sheriff on the search warrant showed that he had found the whisky testified to in this case, and also that he found some of the stolen articles described in the affidavit and warrant. When the sheriff was asked to tell what he found on the search and detailed the finding of the liquor and certain face powder, the court admonished the jury as follows:

"That evidence about the face powder would not be material, I am going to strike it, after a while you would have to find out whether it was red or white and I don't want to go into it."

The defendant introduced the affidavit and search warrant. The county attorney asked the witness Darden the following question:

"This search warrant that has been introduced in evidence states that the property that had recently been stolen, and various and sundry articles?"

Whereupon the court gave the following oral instructions:

"Well, gentlemen of the jury, this case is one charging the defendant with the illegal possession of liquor or whisky, intoxicating liquors, and that is all he is being tried for, and no difference what else might have been found there, unless it was something intoxicating, it would be incompetent, you must not regard it, and you ought not to read it."

On the same page of the record the court made the following statement:

"I was going to admonish the jury awhile ago about that, about that face powder, and I thought I would wait awhile."

The county attorney thereupon asked the following question:

"Mr. Darden, are there any articles described in that search warrant that you seized there, anything else besides whisky?"

To which, objection was made, and the court made the following statement:

"The inquiry in regard to this search warrant will be confined entirely to intoxicating liquors. It is true the defendant has put this in evidence, but it is also true that a man cannot be tried for only one offense at a time, and if his attorney makes a mistake, dragging in something else, it is the court's duty to tell you not to consider that. Objection sustained."

The defendant will not be heard to complain that incompetent evidence produced by himself was prejudicial to him. The defendant next contends that there was not sufficient competent evidence before the jury to support the verdict of guilty. According to defendant's own story, he was in possession of three quarts of intoxicating liquor which was sufficient to make a prima facie case against him. The possession of in excess of one quart of intoxicating liquor is sufficient to make a prima facie case and to justify the jury in finding the defendant guilty. Section 1, chapter 123, Laws Sp. Sess. 1923-24; Hargis v. State, 33 Okla. Cr. 283, 243 Pac. 986; Johnson v. State, 35 Okla. Cr. 242, 250 Pac. 141.

For the reasons stated the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.