## DAVE FENNELL v. STATE.

No. A-7101. Opinion Filed March 22, 1930.
(287 Pac. 1065.)

Seymour Foose, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Blaine county of a second and subsequent violation of the liquor laws of the state of Oklahoma, and his punishment fixed at a fine of $50 and imprisonment in the state penitentiary for a period of one year.

The record discloses that the defendant had twice been convicted in the county court of Blaine county of the crime of the sale of intoxicating liquor, that judgment had been rendered upon such convictions, and that the defendant had paid the fines and served the time assessed as punishment, in the county jail of Blaine county.

The evidence of the state further shows that the sheriff procured a search warrant, and, assisted by some deputies, searched the premises of the defendant and found a container with one-half gallon of whisky and two other containers with about one and one-half pints in them, and also found a number of jugs and bottles which had contained whisky. The defendant, testifying, admitted that the whisky in question was found on his premises, but denied that it was his, and claimed that it had been put there by parties unknown to him.

The only question raised by the defendant is that the evidence is insufficient to support the verdict of the jury. Section 1, c. 123, Session Laws 1923-24, provides, among other things, as follows:

"The keeping in excess of one quart of any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor; * * * or in any manner permitting any other person to have or keep any such liquors in or about his place of business or his residence, or any place of amusement, or recreation, or any public resort, or any club room, * * * shall be prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquors; provided, further, that this section shall not be construed in any way to legalize the keeping of any liquors for unlawful purposes irrespective of the amount."

This court has repeatedly held, in construing this statute, that the possession in excess of one quart of any of the liquors prohibited by said section makes a prima

facie case. Hargis v. State, 33 Okla. Cr. 283, 243 Pac. 986; Stites v. State, 44 Okla. Cr. 92, 279 Pac. 911.

This presumption is not conclusive, but may be rebutted by the defendant. The question of the intent of the defendant is one of fact for the jury. It is their duty to weigh the evidence and pass upon the credibility of the witnesses and they are not bound to believe the defendant, although he may testify under oath that he did not own the liquor and knew nothing about it being on his premises when found there by the officers.

The state having introduced competent evidence of former convictions to increase the grade of the crime and having shown by competent evidence the possession by the defendant of prohibited liquors in excess of one quart, the evidence was sufficient to support the verdict of the jury.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.