## H. H. PIERCE v. STATE.

No. A-9363. April 29, 1938.
(78 P. 2d 1073.)

John W. Whipple, of Stillwater, for plaintiff in error,

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, H. H. Pierce, was convicted upon an information charging the possession of 85 pints of spirituous liquor, being charged as a second offense, and in accordance with the verdict of the jury was sentenced to be confined in the state penitentiary for a term of 2 years and to pay a fine of $200.

At the beginning of the trial counsel for the defendant and the state stipulated that the defendant had heretofore been tried and convicted in the county court of Payne county, on the 23d day of December, 1932, for the crime of the possession of 12 gallons of whisky, and had served his sentence in the Payne county jail and paid a fine.

The undisputed facts are that the deputy sheriffs W. K. Belknap and George Harlson went to the residence of the defendant, about a quarter or half mile north of the city of Cushing, Okla., armed with a search warrant, and searched the home of the defendant, and found in the attic about 85 pints of whisky.

At the close of the testimony on the part of the state, counsel for the defendant interposed a demurrer thereto, and moved the court to direct the jury to return a verdict of not guilty, which demurrer and motion was overruled and exceptions duly saved.

Eleven errors have been assigned by the defendant. The motion of the defendant for a new trial and in arrest of judgment embrace all the other errors assigned and they will be considered jointly.

The court did not err in its instructions nor does the defendant in his argument urge there are any errors in the court's instructions sufficient to warrant a reversal of his case. The testimony is uncontradicted that the officers went to the defendant's home with a search warrant and searched

the same and found in the attic of his house 85 pints of different brands of whisky. No testimony was offered on the part of the defendant to contradict the state's testimony. The quantity of whisky found in the possession of the defendant is sufficient to make a prima facie case of intent to barter, sell, give away, and otherwise furnish to others, in the absence of any testimony on the part of the defendant to contradict the testimony of the state.

The term "prima facie evidence" as used in the statute, 37 Okla. St. Ann. § 82, is that degree of proof which unexplained or uncontradicted is sufficient in the absence of evidence to the contrary to establish unlawful intent if it be credited by the jury. Hargis, Jr., v. State, 33 Okla. Cr. 283, 243 P. 986; Smith v. State, 62 Okla. Cr. 33, 69 P. 2d 671.

It is apparent from the quantity of whisky found in the defendant's possession that he had it for the purpose of bartering, selling, giving away, or otherwise furnishing to others. The evidence shows that on the 23d day of December, 1932, this defendant was convicted of the crime of possession of whisky and sentenced to pay a fine of $50 and serve 30 days in jail, which fine was paid and the defendant served the jail sentence.

There is no evidence showing that from the time of the first sentence up to this time the defendant had been engaged in the whisky business.

The defendant complains that the county attorney in his closing argument made an improper statement to the jury when he stated, "He heard a statement of the officers this morning that the defendant was selling this liquor to 18 and 19 year old boys and girls"; which statement of the county attorney was objected to by the defendant, and the court replied, "Yes, gentlemen of the jury, you will disregard any statements in the arguments of the attorneys

unless the same is based upon the evidence or is a fair inference from the evidence."

The statement made by the county attorney was improper and outside of the record, and there is nothing in the testimony in the record to justify the county attorney in making the statement shown by the record to have been made by him, and the court did not advise the jury that the statement of the county attorney was improper and order the jury to disregard any statements in the argument of the county attorney unless the same is based upon the evidence or is a fair inference from the evidence.

This statement of the court was probably interpreted by the jury that the statement made by the county attorney was a proper statement in his argument notwithstanding there is no evidence in the record warranting the county attorney to make such a statement, and the court should have specifically advised the jury that it should pay no attention to that part of the county attorney's argument. However, considering the evidence, we do not feel the statement of the county attorney is sufficient to warrant a reversal, but it did in all probability cause the jury to impose a greater punishment upon the defendant than it otherwise would have done.

The evidence is sufficient to sustain a verdict. After a careful consideration of the record in this case and the statement made by the county attorney we feel that the jury fixed an excessive punishment for the offense the defendant was charged with, and that the ends of justice will be properly met by a modification of the sentence from two years in the state penitentiary and a fine of $200, to 1 year in the penitentiary and a $100 fine, and, as modified, the judgment is affirmed.

DOYLE and BAREFOOT, JJ., concur.